UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) |
| CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) |
| CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) |
| CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS-JOINT APPRENTICESHIP AND TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, COMBINED CENTRAL ILLINOIS CONSTRUCTION INDUSTRY FUNDS, McLEAN AND LIVINGSTON BUILDING TRADES FUND, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION AND DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, TRI- | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Cause No. 19-3078

| | |
|---|---|
| COUNTY LABOR COUNCIL, CARPENTERS LOCAL 237, CARPENTERS LOCAL 243 and CARPENTERS LOCAL 270, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DASHCO, INC., d/b/a RAINGUARD/ ENERGY TECH and DEBRA S. BELFIELD, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiffs, by undersigned Counsel, and stats as follows for their Complaint against Defendants, DASHCO, INC., d/b/a RAINGUARD/ENERGY TECH and DEBRA S. BELFIELD:

### Parties

1.  Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145.

2.  Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3.  The address of Welfare Fund, where fringe benefit and other contributions to the Welfare Fund are received and processed, is 200 S. Madigan Drive, Lincoln, Logan County, Illinois.

2

4. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Pension Fund is a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35).

5. Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6. Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Retirement Savings Fund is a defined contribution plan within the meaning of § 3(34) of ERISA, 29 U.S.C. § 1002(34).

7. Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

8. The address of Pension Fund and Retirement Savings Fund, where fringe benefit contributions are received and processed, is 28 N. First Street, Suite 201, Geneva, Kane County, Illinois.

9. Together, Welfare Fund, Pension Fund and Retirement Savings Fund shall be referred to as the "Plaintiff Funds."

10. Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to Plaintiffs Central Illinois Carpenters Retirement Savings Fund ("Annuity

3

Fund"), Mid-Central Illinois Regional Council Of Carpenters-Joint Apprenticeship And Training Committee ("Training Fund"), West Central Illinois Building & Construction Trades Council ("West Central Building Trades Council"), Mid-Central Illinois Regional Council Of Carpenters (now known as "Chicago Regional Council of Carpenters, Southern Region") ("Regional Council"), Combined Central Illinois Construction Industry Funds ("Combined Industry Funds"), Mclean And Livingston Building Trades Fund ("McLean and Livingston Building Trades Council"), Central Illinois Builders, Carpenters International Training Fund ("CITF"), Carpenters Labor Management Education And Development Fund ("Development Fund"), Mid-Central Illinois Regional Council Of Carpenters Promotional Fund ("Promotional Fund"), Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund ("Substance Abuse Fund"), Tri- County Labor Council ("Labor Council"), Carpenters Local 237, Carpenters Local 243 and Carpenters Local 270, which are collectively-bargained funds, or separate labor-management cooperatives, and to which Defendant agreed to make contributions on behalf of certain of its employees.

11. Defendant DASHCO, INC., d/b/a RAINGUARD/ENERGY TECH ("Dashco") is an Illinois corporation. Dashco maintains its principal place of business at Bartonville, Peoria County, Illinois.

12. Dashco is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

13. Defendant Debra S. Belfield ("Debra S. Belfield") is a natural person residing in Mapleton, Peoria County, Illinois.

14. Debra S. Belfield is President of Dashco.

## Jurisdiction and Venue

15. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3), (e)(1) and 515 of ERISA, 29 U.S.C. § 1132(a)(3), (e)(1), 1145, Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1367(a).

16. This Court has personal jurisdiction over Defendants pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e), § 301 of the LMRA, 29 U.S.C. § 185(a), and 28 U.S.C. § 1391.

17. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), § 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1391.

## Facts Common to All Counts

18. At all times relevant to this Complaint, Dashco has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with the Chicago Regional Council of Carpenters- Southern Region, and/or its predecessor, the Mid-Central Illinois District Council of Carpenters ("Union").

19. Dashco is also signatory to and bound by a Participation Agreement with Plaintiff Funds.

20. Pursuant to the Participation Agreement, Dashco agreed to become party to and to be bound by the terms and provisions of certain Trust Documents establishing Plaintiff Funds.

21. The Agreement(s), Participation Agreement and Trust Document(s) establishing Plaintiff Funds require Dashco to pay monetary contributions to Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

22. Signatory employers, including Dashco, are required to submit reports of hours

worked and wages paid by their employees by the fifteenth (15th) of each month, related to hours worked and wages paid during the preceding month.

23. The Agreement(s) and/or Trust Document(s) adopted by the Trustees of Plaintiff Funds and to which Dashco is bound and required to comply, specifically provide that in the event a signatory contractor becomes delinquent in its reporting and payment obligations, the contractor shall be liable to the Plaintiff Funds for the contributions due, as well as interest and liquidated damages.

24. The Agreement(s) and/or Trust Documents and ERISA provide that in the event of litigation to collect delinquent fringe benefit contributions, Plaintiff Funds are entitled to recover their attorneys' fees and costs, including audit costs.

## COUNT I
## (BREACH OF PROMISSORY NOTE AGAINST ALL DEFENDANTS)
## (CARPENTERS PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS)

COME NOW Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, by undersigned Counsel, and for Count I of their Complaint against Defendants Dashco, Inc., d/b/a Rainguard/Energy Tech, and Debra S. Belfield, state as follows:

25. Pension Fund and Retirement Savings Fund restate and reincorporate paragraphs 1 through 24 of their Complaint as if fully set forth herein.

26. In 2017, Dashco and Debra S. Belfield as Obligor jointly entered into a Promissory Note with Pension Fund and Retirement Savings Fund. A true, accurate and correct copy of the Promissory Note is attached hereto as **Exhibit 1**.

27. The Promissory Note concerned delinquent ERISA fringe benefit contributions, interest, liquidated damages, audit costs and attorneys' fees and costs due to Pension Fund and

Retirement Savings Fund as determined to be due by an audit of Dashco's books and records.

28.     The Promissory Note provided for the payment of certain amounts set forth therein constituting "Principal," with interest.

29.     Debra S. Belfield personally guaranteed the Promissory Note as co-Obligor with Dashco.

30.     Some, but not all, payments required pursuant to the Promissory Note were made.

31.     As of the date of this Complaint, a total of $106,981.76 is due and unpaid pursuant to the Promissory Note, consisting of delinquent fringe benefit contributions, Liquidated Damages and Statement of Liquidated Damages, audit costs, attorneys' fees and costs and accrued interest.

32.     Demand has been made upon Dashco and Debra S. Belfield for payment of the foregoing amounts, but Defendants have failed and refused to pay.

33.     Pension Fund and Retirement Savings Fund are entitled to recover all outstanding amounts due and unpaid pursuant to the Promissory Note.

34.     Pursuant to the Promissory Note and ERISA, Pension Fund and Retirement Savings Fund are entitled to recover their attorneys' fees and costs of this action.

35.     As a result of Defendant's actions, Pension Fund and Retirement Savings Fund have been harmed.

WHEREFORE, Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois respectfully pray that the Court:

> a.  Enter Judgment for Pension Fund and Retirement Savings Fund and against Dashco, Inc., d/b/a Rainguard/Energy Tech and Debra S. Belfield, jointly and severally;

b.  Enter an Order that Dashco and Debra S. Belfield pay Pension Fund and Retirement Savings Fund $106,981.76;

c.  Enter an Order awarding Pension Fund and Retirement Savings Fund their attorneys' fees and costs of this action;

d.  Enter an Order awarding the Welfare Fund post-judgment interest;

e.  Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

### (BREACH OF PROMISSORY NOTE AGAINST ALL DEFENDANTS)
### (CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE FUND, ET AL.)

COMES NOW Plaintiff Central Illinois Carpenters Health & Welfare Trust Fund, and for Count II of its Complaint against Defendants Dashco, Inc., d/b/a Rainguard/Energy Tech, and Debra S. Belfield, state as follows:

36.  Welfare Fund restates and reincorporates paragraphs 1 through 24 and 25 through 35 of Count I of its Complaint as if fully set forth herein.

37.  In 2017, Dashco and Debra S. Belfield as Obligor jointly entered into a Promissory Note with Welfare Fund. A true, accurate and correct copy of the Promissory Note is attached hereto as **Exhibit 2**.

38.  The Promissory Note concerned delinquent ERISA fringe benefit contributions due to Welfare Fund and contributions due to those funds on behalf of which Welfare Fund acts as collection agent as determined to be due by an audit of Dashco's books and records.

39.  The Promissory Note provided for the payment of certain amounts set forth therein constituting "Principal," with interest.

40. Debra S. Belfield personally guaranteed the Promissory Note as co-Obligor with Dashco.

41. Some, but not all, payments required pursuant to the Promissory Note were made.

42. As of the date of this Complaint, a total of $112,132.80 is due and unpaid pursuant to the Promissory Note, consisting of delinquent fringe benefit contributions, accrued interest, Liquidated Damages, audit costs, attorneys' fees and costs.

43. Demand has been made upon Dashco and Debra S. Belfield for payment of the foregoing amounts, but Defendants have failed and refused to pay.

44. Welfare Fund is entitled to recover all outstanding amounts due and unpaid pursuant to the Promissory Note.

45. Pursuant to the Promissory Note and ERISA, Welfare Fund entitled to recover their attorneys' fees and costs of this action.

46. As a result of Defendant's actions, Plaintiff has been harmed.

WHEREFORE, Plaintiff Central Illinois Carpenters Health & Welfare Trust Fund respectfully prays that the Court:

    a. Enter Judgment for Welfare Fund and against Dashco, Inc., d/b/a Rainguard/Energy Tech and Debra S. Belfield, jointly and severally;

    b. Enter an Order that Dashco and Debra S. Belfield pay Welfare Fund $112,132.80, jointly and severally;

    c. Enter an Order awarding Welfare Fund their attorneys' fees and costs of this action;

    d. Enter an Order awarding the Welfare Fund post-judgment interest;

e.  Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT III

## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

## (CARPENTERS PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS)

COME NOW Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, and for Count III of their Complaint against Defendant Dashco, Inc., d/b/a Rainguard/Energy Tech, state as follows:

47. Pension Fund and Retirement Savings Fund restate and reincorporate paragraphs 1 through 24, 25 through 35 of Count I and 36 through 46 of Count II of their Complaint as if fully set forth herein.

48. Dashco was audited by Pension Fund and Retirement Savings Fund for the period of September 1, 2016 through August 31, 2017. A copy of the audit is attached hereto as **Exhibit 3**.

49. As to Pension Fund and Retirement Savings Fund, including liability found due in the audit, Dashco owes delinquent fringe contributions totaling at least $42,222.48.

50. As to Pension Fund and Retirement Savings Fund, including liability found due in the audit, Dashco owes accrued interest totaling at least $8,686.04.

51. As to Pension Fund and Retirement Savings Fund, including liability found due in the audit, Dashco owes Liquidated Damages of at least $29,197.79.

52. Dashco is liable for an audit fee in the amount of $1,509.50.

53. In addition to the audited amounts set forth above, Dashco is believed not have

fully reported, or paid all contributions due to Plaintiff Funds.

54. As such, Pension Fund and Retirement Savings Fund do not know and cannot know the full amount of contributions, Liquidated Damages, interest and other amounts that may be due.

55. Pension Fund and Retirement Savings Fund lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Defendant is ordered to comply with its contractual obligations and to submit outstanding remittance reports and payment of required contributions.

56. Pension Fund and Retirement Savings Fund are entitled to an Order that Dashco submit all outstanding remittance reports.

57. Dashco is liable for all fringe benefit contributions that may be due, confirmed by audit or otherwise, in the amount of at least 42,222.48.

58. Dashco is liable for accrued interest totaling at least $8,686.04.

59. Dashco is liable for Liquidated Damages in the amount of at least $29,197.79.

60. Dashco is liable for the audit fee of $1,509.50.

61. Pension Fund and Retirement Savings Fund are entitled to their attorneys' fees and costs.

62. As a result of the acts and omissions complained of herein, Pension Fund and Retirement Savings Fund have been harmed.

WHEREFORE, Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois respectfully pray that the Court:

    a.    Enter Judgment for Pension Fund and Retirement Savings Fund and against Defendant Dashco, Inc., d/b/a Rainguard/Energy Tech;

b.     Enter Orders for temporary, preliminary and permanent injunctive relief requiring Defendant to immediately submit all outstanding remittance reports;

c.     Enter an Order awarding Pension Fund and Retirement Savings Fund $42,222.48 in delinquent fringe benefit contributions, or a different and greater amount to be proven at trial;

d.     Enter an Order awarding Pension Fund and Retirement Savings Fund accrued interest totaling at least $8,686.04, or a different and greater amount to be proven at trial;

e.     Enter an Order awarding Pension Fund and Retirement Savings Fund pre-judgment interest and Liquidated Damages of $29,197.79, or different and greater amounts to be proven at trial;

f.     Enter an Order awarding Pension and Retirement Savings Funds $1,509.50 in audit costs;

g.     Enter an Order awarding Plaintiffs their attorneys' fees and costs;

h.     Enter an Order awarding Plaintiffs appropriate post-judgment interest;

i.     Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT IV
## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)
## (CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND)

COMES NOW Plaintiff Central Illinois Carpenters Health & Welfare Trust Fund, and for Count IV of its Complaint against Defendant Dashco, Inc., d/b/a Rainguard/Energy Tech, state as follows:

63. Welfare Fund restates and reincorporates paragraphs 1 through 24, 25 through 35 of Count I, 36 through 46 of Count II and 47 to 62 of Count III of their Complaint as if fully set forth herein.

64. Dashco was audited by Welfare Fund for the period of September 1, 2016 through August 31, 2017. A copy of the audit is attached as **Exhibit 4**.

65. As to Welfare Fund, including liability found due in the audit, Dashco owes delinquent fringe contributions totaling at least $68,905.03.

66. As to Welfare Fund, including liability found due in the audit, Dascho owes Liquidated Damages of at least $15,903.63.

67. As to Welfare Fund, including liability found due in the audit, Dashco owes accrued interest of at least $14,742.20.

68. As to Welfare Fund, Dashco is liable for an audit fee in the amount of $1,769.90.

69. In addition to the audited amounts set forth, Dashco is believed not have fully reported, or paid all contributions due to Plaintiff Funds.

70. As such, Welfare Fund does not know and cannot know the full amount of contributions, Liquidated Damages, interest and other amounts that may be due.

71. Welfare Fund lacks an adequate remedy at law and is suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Defendant is ordered to comply with its

contractual obligations and to submit outstanding remittance reports and payment of required contributions.

72.     Pension Fund and Retirement Savings Fund are entitled to an Order that Dashco submit all outstanding remittance reports.

73.     Dashco is liable for all fringe benefit contributions that may be due, confirmed by audit or otherwise, in the amount of at least $68,905.03.

74.     Dashco is liable for Liquidated Damages of at least $15,903.63.

75.     Dashco is liable for accrued interest of at least $14,742.20.

76.     Dashco is liable for the audit fee of $1,769.90.

77.     Plaintiff Funds are entitled to their attorneys' fees and costs.

78.     As a result of the acts and omissions complained of herein, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund respectfully pray that the Court:

a.  Enter Judgment for Welfare Fund and against Defendant Dashco, Inc., Inc., d/b/a Rainguard/Energy Tech;

b.  Enter Orders for temporary, preliminary and permanent injunctive relief requiring Defendant to immediately submit all outstanding remittance reports;

c.  Enter an Order awarding Welfare Fund $68,905.03 in delinquent fringe benefit contributions, or a different and greater amount to be proven at trial;

d.  Enter an Order awarding Welfare Fund Liquidated Damages of $15,903.63, or different and greater amounts to be proven at trial;

e. Enter an Order awarding Welfare Fund $14,742.20 in accrued interest, or a different and greater amount to be proven at trial;

f. Enter an Order awarding Welfare fund $1,769.90 in audit costs;

g. Enter an Order awarding Plaintiffs their attorneys' fees and costs;

h. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

i. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

Cavanagh & O'Hara LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs